# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TORREY BAUER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:08-CV-196-TLS |
| ) | |
| RANDALL T. SHEPARD, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

Before the Court is the Defendants' Motion to Deny Plaintiffs' Motion for Summary Judgment or, Alternatively, to Continue Under Rule 56(f) [DE 33], filed August 27, 2008. The Defendants—the Indiana Commission on Judicial Qualification and the Indiana Disciplinary Commission (collectively, "the Commissions")—in their Motion and Memorandum in Support [DE 34] ask the Court either to deny the Plaintiffs' summary judgment motion as premature or to continue summary judgement proceedings to allow the Defendants to conduct discovery pursuant to Federal Rule of Civil Procedure 56(f). On September 11, the Plaintiffs—Torrey Bauer, an attorney and former candidate for judge of the Kosciuskio Superior Court, Indiana Right to Life, and Judge David Certo of the Marion County Superior Court—filed a Response in Opposition [DE 35]. The Plaintiffs ask the Court to deny the Defendant's motion or, in the alternative, allow discovery for a shorter amount of time and with a more limited scope than requested by the Defendants. The Court's Opinion and Order [DE 23] of May 6, 2008, contains the factual and procedural background of this case.

In general, "[s]ummary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion." *Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002) (internal

quotations omitted). Rule 56 of the Feder al Rules of Civil Procedure provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). "A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *United States v. All Assets and Equip. of West Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995) (citation and footnote omitted). The party must also identify what specific information is needed via discovery. *Am. Needle Inc. v Nat'l Football League*, – F.3d – , 2008 WL 3822782, (7th Cir. 2008); *All Assets and Equip.*, 58 F.3d at 1190.

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*United States v. On Leong Chinese Merch. Ass'n Bldg.*, 918 F.2d 1289, 1295 (7th Cir. 1990) (quoting *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984)).

In this case, the Defendants have met the procedural requirements of filing a timely motion[1] and including an affidavit by Margaret W. Babcock, who is counsel to the Indiana Commission on Judicial Qualifications, which is one of the Defendants. Babcock states that she

---

[1] The motion is timely because it was filed on August 27, 2008, 30 days after the Plaintiffs filed their summary judgement motion [DE 31]. *See* N.D. Local Rule 56.1.

reviewed the Plaintiffs' summary judgment motion and the accompanying affidavit by Plaintiff Judge Certo and that she believes it is necessary to receive responses to discovery requests of the Plaintiffs in order to respond to the summary judgment motion.

The Defendants' Motion [DE 33] and Memorandum in Support [DE 34] state that the Plaintiffs' Amended Complaint [DE 25] challenges several subsections of the Indiana Judicial Canons that have not been subject to litigation or discovery in the Northern District of Indiana. The Defendants also note that Plaintiffs Judge Certo and Bauer were not parties to a previous lawsuit raising similar claims, so discovery information about them is lacking.

The Defendants list a number a topics that they intend[2] to conduct discovery about a variety of topics, including, for example, "the specific acts that Plaintiffs Judge Certo and Bauer wish to engage in that they claim they are precluded from doing under the Canons at issue," (Defs. Mem. in Supp. 5.) The Defendants also point out that the statements in Plaintiff Judge Certo's affidavit—regarding his belief that his participation in a student civics program may be a violation of a canon subsection—indicate that his deposition testimony will be needed. (*Id.* at 5–6.) The Defendants also note that Plaintiff Bauer's loss in the November 2008 primary election raises questions about "whether Bauer has standing to assert his claims." (*Id.* at 6.)

The Plaintiffs have two arguments for why the Court should not grant the Defendants' motion. First, they argue that Babcock's affidavit is too vague and general and does not contain the required specific information about what the Defendants need to obtain through discovery in

---

[2] The Defendants' Memorandum in Support [DE 34] states both that "the Commission intends to serve discovery upon [Plaintiff] Right to Life," (Defs. Mem. in Supp. 5), and that "the Commission has issued discovery requests." (*Id.*) The Plaintiffs state that the "Defendants have not initiated discovery," (Pls. Resp. in Opp. 1 n.1), and "[t]o have done so prior to a Rule 26(f) conference would violate Rule 26(d)(1)." (*Id.*) Resolution of this discrepancy is not necessary for purposes of deciding the Defendants' Motion [DE 33].

order to respond to the Plaintiffs' summary judgment motion. The Plaintiffs argue that the Defendants incorrectly put the specific discovery information in the accompanying motion and memorandum instead of the affidavit, which is grounds for denying the motion. The Plaintiffs' second argument is that this First Amendment case does not require such a detailed factual record, and the record created so far is sufficient because such Constitutional challenges do not result in fact-finding trials. They also argue that discovery is unnecessary because the information sought by the Defendants is already known from this case's record and the April 30 hearing or from the Commission's own proceedings and correspondence.

The Court concludes that the Defendants have indeed made "a good faith showing," *All Assets and Equipment*, 58 F.3d at 1190, that they need to conduct discovery in this case regarding a number of issues, particularly regarding the two Plaintiffs not involved in the last case and the newly challenged subsections. The Defendants have identified specific information on which they intend to conduct discovery, such as whether Plaintiff Bauer intends to run for judicial election in the future. (Defs. Mem. in Supp. 6.) The Defendants have also explained how postponing summary judgment proceedings will allow them to conduct the discovery they require; the Defendants made a specific request to file their Response 90 days after the Plaintiffs respond to the discovery requests.

Also, because most of the constitutional challenges to the Indiana Judicial Canons in this case are as-applied challenges, rather than facial challenges, it is prudent to develop a factual record of some specificity. Courts should not "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Washington State Grange. v. Washington State Republican Party*, 128 S. Ct. 1184, 1191 (2008) (internal quotations omitted)

(also stating that as-applied challenges are preferred over facial challenges because the latter "raise the risk of premature interpretation of statutes on the basis of factually barebones records"). "As-applied challenges," *Gonzales v. Carhart*, 127 S. Ct. 1610, 1639 (2007), with their specific factual records, "are the basic building blocks of constitutional adjudication," *id.*

The Court does not agree with the Plaintiffs that the Defendants' putting the details of their request in their Motion and Memorandum in Support, instead of in Babcock's affidavit, is grounds for denying the motion. The case cited by the Plaintiffs for that proposition, *Woods v. City of Chicago*, 234 F.3d 979 (7th Cir. 2000), does not support that view. When the Seventh Circuit wrote "he did not file an affidavit outlining his reasons for needing further discovery as contemplated by Rule 56(f). This alone justifies affirmance of the district court's decision [denying the discovery request]," 234 F.3d at 990, it meant not filing an affidavit at all is grounds for denying a Rule 56(f) motion. The court did not say its decision was based on the fact that the plaintiff put his reasons in his motion and memorandum instead of his affidavit. This is further evidenced by the case, *Wallace v. Tilley*, 41 F.3d 296 (7th Cir. 1994), that the Seventh Circuit cited immediately after the quotation in *Woods*. In *Wallace*, the plaintiff failed to file an affidavit along with his request for more time to conduct discovery before responding to the summary judgment motion, and the court affirmed the district court's denial of his request. 41 F.3d at 302–03.

In *Woods*, the court at the end of a long string citation did cite to a Tenth Circuit case, *Committee for the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992), that takes a more strict view about what information must be in an affidavit and not merely in a motion or memorandum. "[C]ounsel's unverified assertion in a memorandum opposing summary judgment

5

does not comply with Rule 56(f)." *Id.* at 1522. In *Campbell*, the Tenth Circuit said the affidavit must "explain why facts precluding summary judgment cannot be presented," *id.*, including "the probable facts not available and what steps have been taken to obtain these facts," *id.*, and "how additional time will enable [the nonmovant] to rebut movant's allegations of no genuine issue of material fact." *Id.* The Seventh Circuit in *Woods* uses the "counsel's unverified assertion" sentence in a parenthetical after its citation to *Campbell* but not the other specific *Campbell* requirements of what must be in the affidavit. *See Woods*, 234 F.3d at 990. The court in *Woods* also did not otherwise indicate it was adopting such a strict requirement. A review of other Seventh Circuit cases indicates that the Circuit has not adopted such a strict requirement, and the Plaintiffs did not cite a case indicating the Seventh Circuit has done so.

In this case, the Court views the Defendants' request in its entirety, and whatever specific information not in the affidavit is sufficiently explained in the accompanying motion and memorandum. "A court may disregard a failure to formally comply with Rule 56(f) if the opposing party's request for a continuance clearly sets out the justification for the continuance." *Pfeil v. Rogers*, 757 F.2d 850, 856 (7th Cir. 1985); *see also Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). The Court concludes that the Defendants explained in sufficient detail what information they wish to obtain, why it is necessary for their response to the summary judgment motion, and the steps they have taken thus far (formulating discovery requests) to obtain that information.

For the foregoing reasons, the Defendants' Motion [DE 33] is GRANTED IN PART and DENIED IN PART. The Defendants' Response to the summary judgment motion is due sixty days after the Plaintiffs respond to the Defendants' discovery requests.

So ORDERED on September 25, 2008.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION