# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| TORREY BAUER, *et al.*, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:08-CV-196-TLS |
| | ) | |
| RANDALL T. SHEPARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This case is a challenge under the First and Fourteenth Amendments to several parts of Indiana's Code of Judicial Conduct. The Plaintiffs—Torrey Bauer, an attorney and former candidate for judge of the Kosciuskio Superior Court, Indiana Right to Life, and Judge David Certo of the Marion County Superior Court—are suing the Indiana Commission on Judicial Qualification, the Indiana Disciplinary Commission, and their members in their official capacities. The Plaintiffs' claim is that the pledges and promises clause, the commits clause, the recusal requirement, the solicitation clauses, and the partisan activities clauses violate their rights of free speech and association.

Pending before the Court are both the Plaintiffs' Motion for Summary Judgment [DE 31], filed on July 7, 2008, and the Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order [DE 39], filed on October 1, 2008. Briefing on the preliminary injunction motion was completed in October 2008. Discovery on the summary judgment motion has been completed, and the Parties were to finish briefing in April 2009. However, all of the briefing so far in this case is based on the pre-2009 version of the Indiana Code of Judicial Conduct (Code). That presents a problem.

The Indiana Supreme Court issued a new 2009 Code, or amended the code effective

January 1, 2009.[1] Regardless of the label, the effect is the same: the pre-2009 version of the Code no longer has legal effect, so the Amended Complaint [DE 25] and any motions or pleadings based on the pre-2009 version of the Code have been rendered moot. At the same time, the Plaintiffs' underlying claim that parts of the Code are unconstitutional remains live because the new Code has parts that correspond (to some degree or another) to the challenged provisions of the old Code. As a result, there is no reason for the Court to rule on the pending motions. The parties have expressed disagreement over the effect, meaning, and constitutionality of the current Code. It is incumbent upon the parties to properly prepare and present the issues (i.e., comparing the pre-2009 version of the Code and the current Code, analyzing the difference(s) (if any), and briefing the relevant issues (if any) raised by the changes that have a bearing on the constitutional claims).

Because of these problems and unusual procedural posture stemming from the timing and order of the parties' filings, the Court is using its inherent power to control its docket and achieve the orderly disposition of the case to deny the two pending Motions [DE 31, 39] without prejudice because they are moot, vacate the current briefing and ruling schedule, and set a new schedule for pleadings and briefing.

Also, because of the overlapping issues between the two currently pending motions and

---

[1] The Indiana Supreme Court uses both kinds of language. *Compare* Ind. Code of Judicial Conduct, http://www.in.gov/judiciary/rules/jud_conduct/ jud_conduct09.pdf (stating that it is "Effective 1/1/09"), *and* Press Release, Indiana Supreme Court, Indiana Supreme Court Adopts 2009 Judicial Code of Conduct (Sept. 8, 2008), http://www.in.gov/judiciary/press/2008/0908.html (stating that the "Indiana Supreme Court is adopting a new Code of Judicial Conduct"), *with* Ind. Code of Judicial Conduct, available at http://www.in.gov/judiciary/rules/ (in html, word, and pdf formats) (stating that the Code was "Adopted Effective March 1, 1993[,] Including Amendments Received Through January 1, 2009 "), *and* Ind. Code of Judicial Conduct *in* Ind. Rules of Court 459 (Thomson West 2009 edition) (stating that the code was "Adopted effective March 1, 1993," amended several times, and then finally "amended effective Jan. 1, 2009 "). For purposes of this case and the constitutional challenge to the Code, it is not important which language is used. What matters is that the Code at this time is different than it was when the Amended Complaint and the pending motions were filed.

to further the interests of judicial economy and efficiency, this new schedule will consolidate all of the issues presented in this case in the Amended Complaint [DE 25], the Motion for Summary Judgment [DE 31], and the Motion for Preliminary Injunction and Temporary Restraining Order [DE 39] into the new motion(s) for summary judgment that will be filed. *Cf.* Fed. R. Civ. P. 65(a)(2). The result of the consolidation will be that the parties will still have "a full opportunity to present their respective cases." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 458 (7th Cir. 1993); *see also Proimos v. Fair Automotive Repair, Inc.*, 808 F.2d 1273, 1278 (7th Cir. 1987) (stating that consolidation is appropriate if the parties "receive timely notice allowing them to gather and present all the evidence that would be pertinent at a trial on the merits"). A decision to consolidate was affirmed in *American Train Dispatchers Department of the International Brotherhood of Locomotive Engineers v. Fort Smith Railroad Co.*, 121 F.3d 267 (7th Cir. 1997), in part because the parties were not denied "an opportunity to present their cases in full. All evidence submitted by the parties was admitted and considered by the district court." *Id.* at 270.

Before the final ruling, the Court will consider the exhibits and evidence (documents and testimony) presented at both preliminary injunction hearings along with the evidence presented during the renewed summary judgement process—as applied to the current 2009 Code. In this case concerning almost purely legal questions of the constitutionality of provisions of the Code, it appears that the summary judgment proceeding will afford the parties the full opportunity to try the merits of their claims. *See DDI Seamless Cylinder Int'l, Inc. v. Gen. Fire Extinguisher Corp.*, 14 F.3d 1163, 1166 (7th Cir. 1994) (stating that parties "can agree for example to waive the right to present oral testimony and instead to treat the summary judgment proceeding as the trial on the merits").

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE AS MOOT the Plaintiffs' Motion for Summary Judgment [DE 31] and the Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order [DE 39]; VACATES the current briefing and ruling schedule; and SETS the following schedule:

- On or before April 6, 2009, the Plaintiffs will file an Amended Complaint reflecting the current 2009 Code.

- On or before April 16, 2009, the Defendants will file an Answer to the Amended Complaint.

- Any Motion for Summary Judgment will be filed on or before May 1, 2009.

- Any Response will be filed on or before May 15, 2009.

- Any Reply will be filed on or before June 1, 2009.

- Motions filed before their due date do not affect any subsequent due dates for responses or replies.

- The Court will issue its ruling on the summary judgment motion(s) on or before July 1, 2009.

The Court will conduct a telephone status conference during the week of Monday, March 30, 2009. The conference will be scheduled by further order.

SO ORDERED on March 23, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION